IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAZEN SHAHIN and NINA SHAHIN, | § § § | No. 51, 2019 |
| Plaintiffs Below, Appellants, | § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § § | C.A. No. K18C-10-023 WLW |
| CITY OF DOVER and CHERYL A. BUNDEK, CITY OF DOVER TAX ASSESSOR, | § § § | |
| Defendants Below, Appellees. | | |

Submitted:  February 25, 2019
Decided:  February 28, 2019

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ** Justices.

## **O R D E R**

Upon consideration of the notice to show cause and the response, it appears to the Court that:

(1)    On February 8, 2019, the appellants, Mazen and Nina Shahin, filed a notice of appeal from a January 9, 2019 decision of the Superior Court denying the Shahins' motion for reargument of their application for appointment of counsel. The Superior Court had denied their application for appointment of counsel on December 17, 2018.  In the action pending in the Superior Court, the Shahins allege that the City of Dover and the city's tax assessor discriminated against them on the basis of their national origin when assessing their property for tax purposes.

(2)     The Senior Court Clerk issued a notice directing the Shahins to show cause why their appeal should not be dismissed for failure to comply with Supreme Court Rule 42 when taking an appeal from an interlocutory order.  The Shahins timely filed a response to the notice.[1]  In response to the notice, the Shahins explain why they desire, and believe they are entitled to, appointment of counsel.  But they do not address their failure to comply with the requirements for taking an interlocutory appeal as set forth in Rule 42.

(3)     Absent compliance with Rule 42, the jurisdiction of this Court is limited to the review of the final judgment of a trial court.[2]  An order is deemed final if the trial court has clearly declared its intention that the order is the court's "final act" in the case.[3]  The Superior Court still has pending before it the substantive claims asserted in the Shahins' amended complaint.  The proceedings before the Superior Court are ongoing, and a final judgment has not yet been rendered.  "[A] ruling on a request for counsel is interlocutory and not separately appealable to this Court absent compliance with Supreme Court Rule 42."[4]  Accordingly, an appeal from the

---

[1] The Court notes that the Shahins' response complains that decisions and other communications from various Delaware courts are not timely mailed, and they note that the notice to show cause included an error in the caption.  The Shahins' response was timely filed in this appeal; it is therefore unnecessary to address these arguments further in this Order.

[2] *Arnold v. Arnold*, 2002 WL 1874914 (Del. Aug. 12, 2002).

[3] *Id.*

[4] *Shoemaker v. Superior Court*, 2004 WL 300964 (Del. Feb. 13, 2004).

Superior Court to this Court is premature absent compliance with the requirements for taking an interlocutory appeal in accordance with Supreme Court Rule 42.

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

3